THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARACELI MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-3353 |
| | § | |
| CERTIFIED EMS, INC., | § | |
| dba CPNS STAFFING and | § | |
| dba CPNS RESOURCES, and | § | |
| GASAT SERRANO, INDIVIDUALLY, | § | |
| and GODSON UCHENNA KANU aka | § | |
| UCHE KANU, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | COLLECTIVE ACTION |

PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

SUMMARY OF SUIT

1.    Defendant Certified EMS, Inc., dba CPNS Staffing and CPNS Resources ("CPNS") is a medical staffing agency that provides registered nurses, licensed vocational nurses, certified nursing associates, and psych techs ("Healthcare Professionals") to its clients. Gasat Serrano is the Director of Sales and Marketing and supervises CPNS Healthcare Professionals. Godson Uchenna Kanu aka Uche Kanu ("Kanu") is the president and a director of CPNS. Reference to the "Defendants" is to CPNS, Serrano and Kanu, collectively.

2.    Unfortunately, CPNS misclassifies its Healthcare Professionals as contract employees. In addition, CPNS does not pay its Healthcare Professionals, including Plaintiff Araceli Mendoza ("Mendoza"), a licensed vocational nurse ("LVN"), overtime wages for overtime hours worked. Accordingly, Mendoza brings this

action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to her as an individual and to other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2016)("FLSA").

<u>JURISDICTION AND VENUE</u>

3.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. Section 216(b)(2016) and 28 U.S.C. Section 1331 (2016).

4.    Mendoza brings this complaint in the district in which CPNS resides and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2016).

<u>THE PARTIES</u>

5.    Mendoza is a resident of Houston, Harris County, Texas and has been employed by CPNS during the three (3) year period preceding this lawsuit.  Mendoza regularly worked more than forty (40) hours per week as a LVN.  In performing her duties, Mendoza has engaged in commerce or in the production of goods for commerce. Mendoza's consent is attached hereto as Exhibit "A."

6.    The Members of the Class are current and former Healthcare Professionals employed by CPNS and paid an hourly rate for all hours worked during the three-year period preceding the filing of this complaint.  Like Mendoza, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Defendants.

7.     CPNS, a Texas corporation, is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Mendoza. CPNS may be served with process by serving its registered agent, Uche Kanu, at 9314 Summerville Lane, Houston, Texas 77074.

8.     Serrano is an individual residing and working in Houston, Harris County, Texas.  Serrano acted, directly or indirectly, in the interest of an employer with respect to Mendoza.  Serrano may be served with process at 9314 Summerville Lane, Houston, Texas 77074.

9.     Kanu is an individual residing and working in Houston, Harris County, Texas.  Kanu acted, directly or indirectly, in the interest of an employer with respect to Mendoza.  Kanu may be served with process at 9314 Summerville Lane, Houston, Texas 77074.

FACTUAL BACKGROUND

10.  CPNS provides Healthcare Professionals to its clients and customers. During each of the three (3) years preceding the filing of this lawsuit, CPNS generated gross revenues of at least $500,000.00.

11.  Mendoza, who has worked for CPNS as a LVN since 2005, regularly works more than forty (40) hours in a workweek but is paid the same hourly rate for all hours worked, including hours worked over forty (40) hours each workweek.  In other words, Mendoza has not been paid overtime compensation for the overtime

hours that she worked.  Rather, Mendoza was paid her regular hourly rate for all hours worked each week.

12.  Similarly, other Healthcare Professionals employed by CPNS regularly work in excess of forty (40) hours per week. However, CPNS has likewise failed to pay them time-and-one-half their regular rate for all such hours worked.

13.  No exemption excuses CPNS from paying Mendoza overtime compensation nor has CPNS made a good faith effort to comply with the FLSA.  Instead, CPNS knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the manner in which Mendoza is compensated.

14.  At all times material to her employment, Mendoza was entitled to be paid one and one-half (1½) times her regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a)(2016).  Accordingly, the Defendants' practice of failing to pay Mendoza overtime compensation is a clear violation of the FLSA.

15.  Serrano, a CPNS supervisor and Director of Sales and Marketing, and Kanu, CPNS' president and director, have a substantial financial interest in CPNS and are directly involved in:

    a.   the hiring, discipline and firing of CPNS' employees;

    b.   the day-to-day operations of CPNS as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be

received by CPNS employees;

c.    CPNS' finances; and

d.    corporate decisions.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

16. Other Healthcare Professionals employed by CPNS have been subjected to CPNS' pay practices and policies which are in willful violation of the FLSA.  CPNS' Healthcare Professionals have or had similar schedules, similar hours, and have been paid the same or in a similar manner.

17. The Members of the Class perform work which is similar in nature to that performed by Mendoza, i.e., providing professional healthcare.    Accordingly,   these   Healthcare   Professionals   are similarly situated to Mendoza in terms of their job duties.

18.   Further, each member of the Class is or has been paid according to the same payment scheme.  Thus, although the amount of damages may vary from individual to individual, the damages can be calculated   by   using   a   single   mathematical   formula   that   is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay provisions.

19. CPNS' failure to pay overtime compensation as required by the   FLSA   results   from   a   generally   applicable   policy   and   job requirements that do not depend on the personal circumstances of the   Members   of   the   Class.    This   generally   applicable   policy   is

specifically prohibited by the FLSA.  Thus, Mendoza's experiences are typical of the experiences of the Members of the Class.

20.  No justification exists for CPNS' failure to pay the Members of the Class for all hours worked.  Additionally, no exemption excuses CPNS from paying the Members of the Class overtime pay for all hours worked over forty (40) per workweek. Further, CPNS has failed to make a good faith effort to comply with the FLSA.  As such, CPNS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

21.  Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former employees of CPNS employed as
> Healthcare Professionals such as registered nurses,
> licensed vocational nurses, certified nursing associates,
> and psych techs who work or worked in excess of forty
> (40) hours per week and who are or were paid an hourly
> rate for all hours worked during the three-year period
> preceding the filing of this complaint.

<u>CAUSE OF ACTION</u>

<u>Violations of the FLSA</u>

22.  Mendoza incorporates the allegations contained in paragraphs 1 through 21.

23.  CPNS' practice of failing to pay Mendoza and the Members of the Class overtime compensation for overtime hours worked at one and one-half (1½) times their regular rate of pay, was and is in violation of the FLSA.

24.    Accordingly, Mendoza and the Members of the Class are entitled to unpaid overtime compensation in an amount which is one and one-half times (1½) their appropriate regular rate of pay.

25.    Additionally, Mendoza and the Members of the Class are entitled to an amount equal to all of their unpaid overtime compensation, as liquidated damages.

26.    Finally, Mendoza and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2016).

<u>PRAYER</u>

WHEREFORE, Mendoza and the Members of the Class request that this Court award them judgment, jointly and severally, against Defendants Certified EMS, Inc., dba CPNS Staffing and CPNS Resources, Gasat Serrano, and Godson Uchenna Kanu aka Uche Kanu for the following:

    a.    damages for the full amount of their unpaid overtime compensation;

    b.    an amount equal to their overtime compensation, as liquidated damages;

    c.    reasonable attorneys' fees, costs and expenses of this action;

    d.    pre-judgment and post-judgment interest at the highest rates allowable by law; and

    e.    such other and further relief as may be allowed by law.

Respectfully submitted,


      /S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com